NO. 12-07-00233-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


LARRY RAY GOWIN,
§
 APPEAL FROM THE EIGHTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 RAINS COUNTY, TEXAS

 

MEMORANDUM OPINION


 Larry Ray Gowin appeals his conviction for driving while intoxicated, for which he was
sentenced to imprisonment for fifteen years. In two issues, Appellant challenges the admissibility
of testimony proffered by one of the State's expert witnesses. We affirm.


Background

 On the evening of October 11, 2005, Appellant was notified that his house was on fire. As
Appellant drove slowly toward his home, he was followed closely by a fire truck. The fire truck had
activated its lights and siren in an apparent attempt to signal to Appellant to allow it to pass. As
Appellant approached his house, he stopped his vehicle in the middle of the roadway. But in
response to the prompting of police officers on the scene, Appellant moved his vehicle into a nearby
driveway, nearly striking a parked car as he did so. Ultimately, the fire truck was able to pass
Appellant and reach his burning house.

 Emory Police Chief Bruce Feagin observed that Appellant struggled to walk as he exited his
car. Feagin further noted that Appellant's speech was so slurred that it was difficult to understand
him. Officer Tracy Rosson smelled the odor of alcohol on Appellant and in the car. Rosson further
observed that Appellant seemed dazed and confused and that his eyes were bloodshot. Concluding
that Appellant was, as a result of his intoxication, a danger to himself, the firefighters, and everyone
else present, Feagin instructed officers to arrest Appellant.

 Rosson transported Appellant to jail. At the jail, Rains County Sheriff's Deputy John
Wallace performed a full sobriety test on Appellant, which included a horizontal gaze nystagmus
("HGN") test.

 Appellant was charged by indictment with felony driving while intoxicated and pleaded "not
guilty." The matter proceeded to a jury trial. Ultimately, the jury found Appellant "guilty" as
charged. Following a trial on punishment, the jury assessed Appellant's punishment at imprisonment
for fifteen years. The trial court sentenced Appellant accordingly, and this appeal followed.


HGN Test Screening

 In his first issue, Appellant argues that the trial court erred in admitting into evidence the
results of the HGN test because Wallace failed to sufficiently screen him for factors other than
alcohol that could potentially contribute to or cause nystagmus. The State contends that Appellant
has failed to preserve error.

 As a prerequisite to presenting a complaint for appellate review, the record must reflect that
the complaint was made to the trial court by a timely request, objection, or motion that stated the
grounds for the ruling the complaining party sought from the trial court with sufficient specificity
to make the trial court aware of the complaint. See Tex. R. App. P. 33.1(a); see also Tex. R. Evid.
103 (error may not be predicated upon a ruling that admits evidence unless a timely objection or
motion to strike appears of record, stating the specific ground of the objection, if the specific ground
was not apparent from the context). Rules 33.1 and 103 are"judge protecting" rules of error
preservation. See Martinez v. State, 91 S.W.3d 331, 335 (Tex. Crim. App. 2002). The basic
principle of both rules is that of "party responsibility." Id. Thus, the party complaining on appeal
about a trial court's admission of evidence must, at the earliest opportunity, have done everything
necessary to bring to the judge's attention the rule in question and its precise and proper application
to the evidence in question. Id. at 335-36. Moreover, the objection at trial must comport with the
issue on appeal. See Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); see also
Martinez, 91 S.W.3d at 336.

 Two general policies underlie the requirement that a complaining party make a specific
objection. Martinez, 91 S.W.3d at 336. First, a specific objection is required to inform the trial
judge of the basis of the objection and afford him the opportunity to rule on it. Id. Second, a
specific objection is required to afford opposing counsel an opportunity to remove the objection or
supply other testimony. Id. Stated more broadly, objections promote the prevention and correction
of errors. Id. When valid objections are timely made and sustained, the parties may have a lawful
trial. Id. They, and the judicial system, are not burdened by appeal and retrial. Id. When a party
is excused from the requirement of objection, the results are the opposite. Id. 

 In the case at hand, Appellant objected to Wallace's proposed testimony concerning his
administration of the HGN test because (1) the test was not administered properly and (2)
"[Appellant's] got a bad eye, and there's no explanation for it." On appeal, Appellant argues that
Wallace's "screening" of Appellant to determine factors other than alcohol that potentially contribute
to or cause nystagmus was limited to Wallace's actually performing the test by looking for equal
pupil size and equal tracking. Thus, according to Appellant, Wallace's employment of the HGN test
is not reliable. (1) Appellant further argues that the testimony was not only unhelpful to the jury, but
was also misleading and unfairly prejudicial. (2) 

 Based on our review of the record, we are unable to conclude that Appellant's objections
were sufficient to bring the rule in question as well as its precise and proper application to the
evidence in question. See Martinez, 91 S.W.3d at 335. Appellant's first objection refers broadly
to Wallace's administration of the HGN test. Appellant's objection that there was "no explanation"
for his "bad eye" relates only loosely at best to his argument on appeal that there is no evidence that
Wallace properly screened Appellant prior to conducting the HGN test. As such, we hold that
Appellant's objection to the trial court was not specific enough to inform the trial court of the basis
of the argument he now raises on appeal so as to afford the trial court the opportunity to rule on it. 
See Tex. R. App. P. 33.1(a); Martinez, 91 S.W.3d at 336. Thus, we hold that Appellant has waived
the error, if any, of which he now complains. Appellant's first issue is overruled.


Quantifying HGN Results in Terms of Blood-Alcohol Level

 In his second issue, Appellant argues that the trial court erred in refusing to exclude
Wallace's testimony that a failed performance on the HGN test would indicate a blood-alcohol level
of 0.08 or higher. The State again contends that Appellant has failed to preserve error.

 In addition to the requirement that the complaining party make a specific objection to the trial
court that comports with his argument on appeal, the record must reflect that the trial court ruled
on the complaining party's request, objection, or motion, either expressly or implicitly, or refused
to rule and the complaining party objected to such refusal. See Tex. R. App. P. 33.1(a). 

 Here, during his description of how he typically conducts an HGN test, Wallace testified,
"When I take the stimulus with my finger over as far as your eye will go, the eye will start ticking,
and it shows the subject is over .08, because at that - at that time, I'm. . . ." Appellant interjected
a general objection (3) and asked permission from the trial court to conduct a voir dire examination of
Wallace. The trial court granted Appellant's request. Upon the conclusion of Appellant's voir dire
examination, Appellant stated to the court that he had no further questions on voir dire, and the State
resumed its direct examination. 

 Appellant's objection was incomplete and lacked specificity. Furthermore, Appellant's
request for voir dire was granted. Appellant neither made a subsequent, more specific objection to
Wallace's statement regarding the correlation between HGN test results and blood alcohol level nor
did he request a ruling from the trial court with regard to the incomplete objection he initially
lodged. (4) Therefore, we hold that Appellant has failed to preserve the error, if any, of which he now
complains. Appellant's second issue is overruled.


Disposition

 Having overruled Appellant's first and second issues, we affirm the trial court's judgment.




 SAM GRIFFITH 

 Justice



Opinion delivered September 17, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

























(DO NOT PUBLISH)
1. See Vela v. State, 209 S.W.3d 128, 133-34 (Tex. Crim. App. 2006) (discussing reliability of expert
testimony); see also Tex. R. Evid. 705(c).
2. See Tex. R. Evid. 402, 403, 702.
3. The record reflects that Appellant did not complete the specific description of his objection before
requesting to conduct his voir dire examination of Wallace. From the face of the record, the most that can be
understood of Appellant's objection is that it pertained to the HGN test.
4. Given the lack of requisite specificity present in Appellant's objection, the trial court's ability to rule on
such an objection presupposes that the substance of Appellant's objection could be understood in light of the context
of his voir dire examination of Wallace.